IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW DEVINE, : | |
|       Plaintiff, : | |
| : | |
| v. : | Civil No. 5:21-cv-02679-JMG |
| : | |
| GEICO GENERAL INSURANCE COMPANY, : | |
|       Defendant. : | |

MEMORANDUM OPINION

GALLAGHER, J.                                        January 6, 2022

## I. OVERVIEW

On May 10, 2021, Plaintiff sued Defendant GEICO General Insurance Company in the Court of Common Pleas of Philadelphia County, Pennsylvania, alleging breach of contract, bad faith, and violation of the Unfair Trade Practice and Consumer Protection Law ("UTPCPL"). Compl. ¶¶ 21, 32, 35, 37, ECF No. 1. On June 15, 2021, the case was removed to this Court. Defendant now moves to dismiss Plaintiff's complaint as being legally insufficient and barred by the statute of limitations. Motion to Dismiss ("MTD") 4, 6-7, ECF No. 4-1. For the reasons that follow, the Court grants Defendant's motion.

## II. FACTUAL BACKGROUND AND ALLEGATIONS

On September 5, 2015, Plaintiff suffered serious injuries in a motorcycle collision in Allentown, Pennsylvania. Compl. ¶ 4. At that time, Plaintiff had a motor vehicle insurance policy with Defendant that provided underinsured motorist insurance coverage of $50,000. *Id.* at ¶ 6(c). On September 29, 2015, Plaintiff "notified Defendant that they should open an underinsured motorist claim." *Id.* at ¶ 7. On October 19, 2015, Defendant denied this claim based on the "household vehicle exclusion," stating that "[t]his coverage does not apply to bodily injury while occupying or from being struck by a vehicle owned or leased by you or a relative that is not insured for underinsured motorist coverage under this policy." *Id.* at ¶ 8; Compl. Exh. D. Defendant noted in this letter that the motorcycle was insured by Progressive and not covered under Defendant's underinsured motorist coverage policy. *Id.*

Plaintiff took no further action until November 4, 2019, over four years later, when he contacted Defendant "with a demand for underinsured motorist benefits in light of our Supreme Court's decision in *Gallagher*." Compl. ¶ 12. On November 13, 2019, Defendant denied Plaintiff's demand as time barred. Compl. ¶ 14; Compl. Exh. H. On May 10, 2021, Plaintiff filed this lawsuit, arguing that he is entitled to damages for breach of contract and bad faith, citing the Pennsylvania Supreme Court's 2019 decision in *Gallagher* which held that "the household vehicle exclusion violates the [Motor Vehicle Financial Responsibility Law] therefore these exclusions are unenforceable as a matter of law." *Gallagher v. GEICO Indemnity Company*, 201 A.3d 131, 138 (Pa. 2019); Compl. ¶ 11.

### III. LEGAL STANDARD

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted).

"While affirmative defenses should generally be raised in an answer to a complaint, the Third Circuit permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *O'Brien v. GEICO Employees. Ins. Co.,* 2019 U.S. Dist. LEXIS 110914, at *4 (E.D. Pa. July 3, 2019) (internal quotation marks and citation omitted); *see also Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)) ("[a] complaint is subject to

dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint.")

**IV. ANALYSIS**

Defendant first requests that the Court dismiss this action because Plaintiff's breach of contract and bad faith claims are barred by the statute of limitations. The statute of limitations defense is apparent on the face of Plaintiff's complaint. In Pennsylvania, the statute of limitations for a breach of contract claim is four years. 42 Pa. C.S.A. § 5525. "Ordinarily, a statute of limitations begins to run from the moment the potential plaintiff has a 'complete and present cause of action.'" *Disabled in Action v. SEPTA.*, 539 F.3d 199, 209 (3d Cir. 2008) (quoting *Bay Area Laundry & Dry-Cleaning Pension Trust Fund v. Ferbar Corp.,* 522 U.S. 192, 195 (1997)). "For the purposes of uninsured or underinsured motorist claims, the running of the statute of limitations is commenced upon an alleged breach, which . . . would be occasioned by the insurer's denial of coverage." *O'Brien*, 2019 U.S. Dist. LEXIS 110914, at *4-5 (internal quotation marks and citations omitted); *see also Erie Ins. Exch. v. Bristol*, 174 A.3d 578 (Pa. 2017); *Legos v. Travelers Cas. Co. of Connecticut One of the Travelers Ins. Companies*, 2018 WL 4928963, at *3 (M.D. Pa. Oct. 11, 2018).

Defendant denied Plaintiff's underinsured motorist claim on October 19, 2015. The statute of limitations for this claim therefore expired four years later, on October 19, 2019. Plaintiff waited over a year after the limitations period to file his Complaint on May 10, 2021. 42 Pa. C.S.A. § 5525; Compl. ¶ 8. As a result, his breach of contract claim is time barred.

Plaintiff attempts to argue that the statute began running not when his claim was denied, but when he ultimately demanded payment. However, he provides no pertinent support for this argument. Plaintiff also tries to sidestep the statute of limitations by classifying Defendant's denial as an "anticipatory breach" but again cites no relevant case law to support this theory.

Next, Plaintiff alleges that Defendant "acted in bad faith and breached its [common law] contractual duties of good faith and fair dealing." Comp. ¶ 35. In Pennsylvania, the common law violation of good faith

and fair dealing has been construed as a contractual claim with its four-year statute of limitations. *See Healthfleet Ambulance Inc. v. Markel Ins. Co*. 2020 WL 4201618 at *3-4 (E.D. Pa. July 22, 2020) ("[b]ecause Pennsylvania courts have held that the common law duty of good faith and fair dealing is implied in every contract, such contractual bad faith claims are a species of a breach of contract claim and cannot exist separate and apart from a breach of contract claim."). For the same reason this Court dismissed Plaintiff's breach of contract claim, so too will this claim be denied.

Plaintiff next alleges a statutory bad faith claim. "Claims for bad faith under 42 Pa. C.S.A. § 8371 are subject to a two-year statute of limitation." *O'Brien*, 2019 U.S. Dist. LEXIS 110914, at *7; *see also Healthfleet Ambulance Inc.*, 2020 WL 4201618, at *4 ("statutory bad faith claims are subject to a two-year statue of limitations."); *Mail Quip, Inc. v. Allstate Ins. Co.*, 388 F. Supp. 3d 433 (E.D. Pa. 2019) ("[A]n action under § 8371 is a statutorily-created tort action and [the Supreme Court of Pennsylvania has] h[e]ld such an action is subject to the two-year statute of limitations.") (citing *Ash v. Cont'l Ins. Co.*, 593 Pa. 523, 536, (2007)). Thus, Plaintiff's statutory bad faith claim expired on October 19, 2017. Plaintiff again attempts to allege that the relevant date for the statute of limitations is his November 13, 2019 demand for benefits. Compl. ¶ 17. And again, Plaintiff's failure to timely challenge the 2015 denial of his benefits claim does not allow him to challenge it "post-Gallagher." *See O'Brien*, 2019 U.S. Dist. LEXIS 110914, at *7.

Even if Plaintiff's statutory bad faith claim was not time-barred, it is legally inadequate. In the insurance context, to survive a motion to dismiss, a plaintiff must plead specific facts and cannot simply rely on conclusory statements to sustain a bad faith claim. *See Smith v. State Farm Mut. Auto. Ins. Co.,* 506 F. App'x 133, 136 (3d Cir. 2012). The Third Circuit has "routinely dismissed bad faith claims reciting only bare-bones conclusory allegations that are not accompanied by factual allegations sufficient to raise the claims to a level of plausibility required to survive a Rule 12(b)(6) motion to dismiss." *Jones v. Allstate Ins. Co.,* 2017 WL 2633472, at *2 (E.D. Pa. June 19, 2017); *also see Eley v. State Farm Ins. Co.,* 2011 WL 294031, at *4 (E.D. Pa. Jan. 31, 2011) (granting motion to dismiss a bad faith claim that relied on "bare-bones" allegations devoid of factual specificity); *Robbins v. Metro. Life Ins. Co. of Conn.,* 2008 WL

5412087 (E.D. Pa. Dec. 24, 2008) (dismissing a bad faith claim that failed to provide sufficient facts to suggest that insurer lacked a reasonable basis for the denial of the benefits).

Here, Plaintiff alleges no factual specificity indicating the lack of a reasonable basis for denying the UIM coverage. Plaintiff simply enumerates a series of conclusory allegations such as: Defendant "engaged in unreasonable, bad faith claims handling practices with respect to Plaintiff's claim," "engaged in unreasonable, bad faith investigative practices with respect to Plaintiff's income loss claim," and "acted with ill will, malicious intent, and self-motive in handling Plaintiff's claim." Compl. ¶ 35 (a-s), ¶ 37 (a-s). "Such conclusory allegations are insufficient to state a plausible claim of good faith." *O'Brien*, 2019 U.S. Dist. LEXIS 110194, at *9.

Finally, Plaintiff claims a violation of the UTPCPL arguing that Defendant had an "affirmative duty to notify" him of the changes in the law following the *Gallagher* decision. Compl. ¶ 24. There is "no support in Pennsylvania law for such an extraordinary duty." *Yoder v. Am. Travellers Life Ins. Co.,* 2002 PA Super 398 at *P15 (2002) (finding no support under Pennsylvania law for proposition that insurer must inform insured of statutory changes that affect her policy). Further, "the caselaw that is analogous is to the contrary." *Id*. Courts that have addressed the issue of whether a company has a duty to inform its customers of a change in the law have uniformly held that no such duty exists. [1]

IV.   CONCLUSION

Defendant's motion to dismiss is granted. Plaintiff's breach of contract and bad faith claims are barred by the statute of limitations and his claim of violation of the UTPCPL fails because Defendant has no affirmative duty to notify Plaintiff of changes in the law. This dismissal is with prejudice as further

---

[1] For example, *see Treski v. Kemper Nat'l Ins. Cos.*, 449 Pa. Super. 620, 674 A.2d 1106 (1996) (finding insurers had no duty to inform Pennsylvania insureds that a New Jersey statute may limit full tort recovery); *Kilmer v. Erie Ins. Co.* 407 Pa. Super. 245, 252-53 (1991) (holding that the insurers had no duty to explain to its insured the extent, policy exclusions, and limits of coverage).

amendments would be futile. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). An appropriate order will follow.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge